UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI LYNN GROVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00574 AWI JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE SCHEDULING ORDER<br>(Doc. 26)<br><br>ORDER AMENDING THE SCHEDULING ORDER |

　　　　Before the Court is the third stipulation of counsel to amend the scheduling order.  (Doc. 26) The Court granted the first stipulation in June 2014 due to the illness of Defendants' counsel.  (Doc. 20)  The Court granted the second stipulation in September 2014 when Plaintiff's primary attorney left his firm and another firm was required to substitute in.  (Doc. 25)  Both of these prior amendments required, in essence, a wholly new case schedule be issued. Notably, in the last order granting the amendment to the case schedule, the Court warned, "counsel are advised that any further modifications to the schedule are unlikely to be granted and that they SHALL redouble their efforts to comply with all further deadlines in this case."  (Doc. 25 at 1)  In addition, the court advised, "**No further requests for amendments to the case schedule will be considered absent a showing of exceptional good cause.**" Id. at 2, emphasis in the original.

　　　　Now, the parties have filed a stipulation to amend case schedule once again for two reasons: the desire to engage in mediation and the discovery of evidence at a recent PMK deposition which

1

impacts the parties' theories of the case. (Doc. 26 at 2-3) The stipulation is **DENIED**.

First, the desire to engage in settlement efforts does not constitute good cause to amend the case schedule—let alone constitute a showing of exceptional good cause required by the Court's last order. Settlement efforts are not a circumstance that could not have been reasonably anticipated at the time the case schedule was developed. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Even if delayed settlement efforts did constitute good cause, there are insufficient details provided in the stipulation, such as when the mediation has been scheduled and whether a mediator has been selected.

Second, the discovery of evidence unfavorable to a party's theory of the case is exactly what the discovery process is intended to root out. Thus, notably absent from the stipulation is an explanation why the PMK deposition was delayed to a time so close to the discovery deadline such that the parties would be precluded from making any further discovery efforts. Thus, this situation fails to meet the Johnson factors for finding good cause to amend a case schedule. Thus, this third stipulation fails to justify the relief it seeks and it is **DENIED**.

However, in order to minimize the burden on the Court that undiscovered evidence first revealed at trial would likely pose, the Court **ORDERS** the case schedule amended as follows:

1. Non-expert and expert discovery **SHALL** be completed no later than **April 13, 2015**;

2. Experts disclosures **SHALL** be made no later than **March 2, 2015** and rebuttal experts disclosed no later than **March 23, 2015**;

3. Non-dispositive motions **SHALL** be filed no later than **April 17, 2015** and heard no later than **May 17, 2015**. The parties are advised that the failure to have a decision on a non-dispositive motion **SHALL NOT** be grounds to seek a continuance on the deadlines related to any dispositive motions.

///
///
///
///
///

**<u>Absolutely no further amendments to the case schedule will be entertained absent a showing that a cataclysmic impact on the litigation will result if amendment does not occur.</u>**

IT IS SO ORDERED.

Dated: __**February 2, 2015**__                    __/s/ Jennifer L. Thurston__
                                                                                  UNITED STATES MAGISTRATE JUDGE